Jeremy C. Johnson, Bar #025203
David C. Potts, Bar #030550
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1700
Fax: (602) 200-7868
jjohnson@jshfirm.com
dpotts@jshfirm.com

Attorneys for Defendant Aramark Sports and
Entertainment Services, LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Patricia R. Adams and Delos C. Adams, wife and husband, and Utah residents, April A. Speelmon, an Arizona Resident,<br><br>Plaintiffs,<br><br>v.<br><br>Aramark Sports and Entertainment Services, LLC, a Delaware Limited Liability Company d/b/a lake Powell Resorts and Marinas; Aramark Employees I-X; John Does I-X; Jane Does I-X; White Partnerships I-X; Black Corporations I-X; and Red Limited Liability Companies I-X,<br><br>Defendants. | NO.<br><br>**NOTICE OF REMOVAL** |

Defendant Aramark Sports and Entertainment Services, Inc. ("Aramark"), by and through counsel undersigned, hereby file the following Notice of Removal of Coconino County Superior Court Case No. CV2018-00258 to the United States District Court for the District of Arizona pursuant to 28 U.S.C. §§ 1331, 1367, and 1446. As grounds for removal, Defendant states as follows:

**I.    PROCEDURAL HISTORY**

1. The above-captioned case commenced when Plaintiffs Patricia Adams, Delos Adams, and April Speelmon filed a Complaint in Coconino County

6834967.1

Superior Court on or about May 22, 2018. *See* Complaint, along with the rest of the Superior Court file, attached as Exhibit A.

2. Aramark was served by a process server on June 6, 2018. *See* Affidavit of Service, attached as Exhibit B.

3. None of the fictitious defendants have been served.

## II. TIMELINESS OF REMOVAL

4. Under 28 U.S.C. § 1446(b), a defendant has thirty days from the date of service of a complaint to remove the case to federal court.

5. This Notice of Removal is filed within thirty days of the filing of the Complaint and is also within thirty days of the service of that Complaint on Aramark.

6. This Notice of Removal, then, is timely. *See* 28 U.S.C. § 1446(b).

7. A Notice of Filing Notice of Removal is being filed with Coconino County Superior Court simultaneously with this Notice of Removal. *See* Notice of Filing Notice of Removal, attached as Exhibit C.

## III. BASIS FOR REMOVAL

8. This Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because: (1) there is complete diversity of citizenship between each Plaintiff and Defendant; and (2) the amount in controversy, excluding interest and costs, exceeds the sum or value of $75,000. *See* 28 U.S.C. § 1332(a).

### A. Diversity of Citizenship

9. As alleged in the Complaint, Plaintiffs Patricia Adams and Delos Adams reside in Ogden, Utah. *See* Complaint at ¶ 1. Plaintiffs Patricia Adams and Delos Adams are thus citizens of Utah.

10. As alleged in the Complaint, Plaintiff April Speelmon resides in Maricopa County, Arizona. *See* Complaint at ¶ 2. She is thus a citizen of Arizona.

11. As alleged in the Complaint, Aramark is a Delaware limited liability company with its principal place of business in Pennsylvania. For diversity purposes, Aramark is thus considered a citizen of Delaware and Pennsylvania.

6834967.1

2

12. The Complaint alleges that "ARAMARK EMPLOYEES I-X…are fictitious Defendants whose true names or identities are unknown to Plaintiff at this time, and who are agents and/or employees of Aramark, and whose negligent conduct caused injury to Plaintiffs." *See* Complaint at ¶ 5. The Complaint further alleges on information and belief that these employees "are residents of Arizona." *See* Complaint at ¶ 6.

13. However, under 28 U.S.C. § 1441(b)(1), "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." As such, the citizenship of these fictitious defendants is not considered in determining whether this action is removable. *See also Newcombe v. Adolf Coors, Co.,* 157 F.3d 686 (9th Cir. 1998).

14. There is, therefore, complete diversity of citizenship between each Plaintiff and Defendant Aramark, so the complete diversity of citizenship requirement is satisfied.

### B. Value of Matter in Controversy

15. According to the Complaint, Plaintiff Patricia Adams alleges she "has suffered serious and permanent injuries to her face, jaw, teeth, mouth, neck, back, leg and arm that have caused and continue to cause her mental and physical misery, weakness, limitations, suffering, and damages." *See* Complaint at ¶ 55.

16. Plaintiff Patricia Adams further alleges that she "has incurred expenses, which have been incurred and will continue to incur, including, but not limited to, expenses for medical and mental health treatment including the services of emergency personnel, doctors, hospitals, chiropractors, physical therapists, counselors, dentists, oral surgeons, endodontists and the like in an amount to be proven at trial." *See* Complaint at ¶ 56.

17. Plaintiff Patricia Adams further alleges she is entitled to "punitive and exemplary damages." *See* Complaint at ¶ 57.

18. Further, Plaintiffs filed a Certificate of Compulsory Arbitration pursuant to Arizona Rule of Civil Procedure 72(e) in the Superior Court certifying that the case is not subject to compulsory arbitration. *See* Certificate of Compulsory Arbitration, contained within Exhibit A. In Coconino County, cases with an amount in controversy of $65,000 or less are subject to compulsory arbitration. *See* 17C A.R.S. Super. Ct. Local Prac. Rules, Coconino County, Rule 16; A.R.S. § 12-133. As a result, Plaintiffs certified the amount in controversy is more than $65,000.

19. Finally, counsel for Plaintiff Patricia Adams has demanded in excess of the $75,000 to settle this claim.[1] *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.")

20. Under 28 U.S.C. §1332(a), this Court has original jurisdiction over Plaintiff Patricia Adams' claim because the parties are citizens of different states and the amount in controversy, exclusive of interest and costs, is in excess of $75,000. *See also Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 559 (2005) ("When the well-pleaded complaint contains at least one claim that satisfies the amount-in-controversy requirement, and there are no other relevant jurisdictional defects, the district court, beyond all question, has original jurisdiction over that claim.")

21. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where the action is pending."

22. As such, Aramark can remove this claim to federal court. *See* 28 U.S.C. § 1441(a).

---

[1] In order to avoid putting Plaintiff Patricia Adams' personal and medical information into the public record, Aramark has not attached this demand letter as an exhibit and will not do so unless it is required to defeat a Motion to Remand.

6834967.1                                                4

23. According to the Complaint, Plaintiff Delos Adams alleges he is "deprived and will be permanently deprive of his spouse's loss of consortium." *See* Complaint at ¶ 64. Moreover, according to the Complaint, Plaintiff April Speelmon suffered "emotional distress result[ing] in physical injury or illness to her." *See* Complaint at ¶ 76. It is unclear whether these allegations, on their own, allege an amount in controversy in excess of $75,000.

24. Regardless, under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

25. This includes claims, like those brought by Plaintiffs Delos Adams and April Speelmon, for which it is unclear whether they satisfy the amount in controversy requirement of 28 U.S.C. § 1332. *See Exxon Mobil Corp.*, 545 U.S. at 566 ("[T]he threshold requirement of § 1367(a) is satisfied in cases, like those now before us, where some, but not all, of the plaintiffs in a diversity action allege a sufficient amount in controversy.")

26. As such, 28 U.S.C. § 1367(a) authorizes supplemental jurisdiction over Plaintiffs Delos Adams and April Speelmon's claims because they arise out of the same incident as Plaintiff Patricia Adams' claim.

This Court has jurisdiction over all of Plaintiffs' claims against Aramark because there is complete diversity of citizenship and, for at least one plaintiff, the amount in controversy is greater than $75,000. Given these grounds for removal, Aramark requests that the above action now pending in Coconino County Superior Court be removed to this Court.

6834967.1                                                   5

DATED this 26th day of June 2018.

        JONES, SKELTON & HOCHULI, P.L.C.

By /s/ David C. Potts
Jeremy C. Johnson
David C. Potts
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
Attorneys for Defendant Aramark Sports
and Entertainment Services, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of June 2018, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document to the following non-CM/ECF participants:

Brigham A. Cluff
CLUFF LAW, PLC
2850 E. Baseline Road, Suite 126
Mesa, Arizona 85206


/s/ S. Coffey

6834967.1